CHICAGO—FIRST DISTRICT—OCTOBER, 1914.    291

Ripley et al. v. Cross S. Farming Co. et al., 189 Ill. App. 291.

George W. Ripley and Augusta Hultman, Defendants
in Error, v. Cross S. Farming Company and C. A.
Philips, Plaintiffs in Error.

Gen. No. 19,705. (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. HENRY C.
BEITLER, Judge, presiding. Heard in this court at the October term,
1913. Reversed with judgment here. Opinion filed October 13, 1914.
Rehearing denied October 27, 1914.

## Statement of the Case.

Action by George W. Ripley and Augusta Hultman
against Cross S. Farming Company, a corporation,
and C. A. Philips to recover three hundred and sixty
dollars paid on a contract for the conveyance of land
and alleged to be due the plaintiffs for failure of de-
fendants to comply with their oral agreement to im-
prove the land.

The facts showed that the defendant Farming Com-
pany delivered to plaintiffs, in pursuance of previous
verbal negotiations between the parties conducted for
said Farming Company by C. A. Philips, a deed con-
veying to them eighteen acres of land in Texas at the
price of one thousand and eighty dollars, three hun-
dred and sixty dollars of which was paid in cash and
three notes for two hundred and forty dollars each
given for the remainder of the purchase price by the
plaintiffs, payable to the Farming Company or order.
The testimony of the plaintiffs was to the effect that
the buyers of the lands in the section expected to sink
a well for irrigation purposes at their own expense;
that each purchaser was to pay in advance towards the
expense of sinking such well four dollars per acre on
the land bought by him, and the remainder of the ex-
pense was to be paid by the purchasers *pro rata*. Plain-
tiffs advanced to Philips seventy-two dollars, and took
from him a receipt for said sum, "to apply on the well

to be drilled on Sec. 95 Cross S: Ranch, bal. of said well and outfit to be paid when well is completed.'' This receipt was given at the same time the deed was delivered. The deed recited the terms of the purchaser, acknowledged the receipt of three hundred and sixty dollars in money and three vendor's lien notes for two hundred and forty dollars each, and contained a general covenant of warranty. Philips returned to the plaintiffs the seventy-two dollars given to him by them to pay towards the cost of sinking a well.

Defendants sought to recover under their claim of set-off the amount due on a note of plaintiffs for two hundred and forty dollars due at the time the suit was brought. To reverse a judgment in favor of plaintiffs, defendants prosecute a writ of error.

FREDERICK A. BROWN and WILLIAM R. T. EWEN, JR., for plaintiffs in error; RAYMOND S. PRUITT, of counsel.

CHILTON P. WILSON, for defendants in error.

MR. JUSTICE BAKER delivered the opinion of the court.

## Abstract of the Decision.

1. SET-OFF AND RECOUPMENT, § 14*—*right to set off individual demands against joint demands.* A note made payable to the order of one or two joint defendants, and not indorsed, cannot be set off in a suit by plaintiffs on a demand against the defendants jointly.

2. VENDOR AND PURCHASER, § 25*—*when verbal agreements merged in deed.* Verbal negotiations or agreements relating to the purchase of land, *held* not to become a contract until the deed was delivered and the consideration furnished.

3. VENDOR AND PURCHASER, § 25*—*when oral contract not enforceable.* An oral promise to improve land conveyed, made by the grantors to the grantee at the same time and for the same con-

sideration as the deed, where such deed contains general covenants of warranty, will not support an action.

4.  EVIDENCE, § 345*—*when parol evidence of prior verbal agreements inadmissible.* Where a deed constitutes the contract for the purchase of land, parol evidence of an antecedent or contemporaneous verbal agreement by the grantors to improve the land by digging an irrigation well thereon is not admissible.